[Civ. No. 14332. Second Dist., Div. Three. Apr. 4, 1944.]

Guardianship of the Person and Estate of WALTER F. ARMS, an Incompetent Person. WALTER F. ARMS, JR., Respondent, v. WALTER F. ARMS, Appellant.

Stewart & Stewart for Appellant.

William Dellamore for Respondent.

SHINN, J.—The appeal presents the sole question whether the evidence was sufficient to justify a finding that appellant, Walter F. Arms, Sr., was incompetent and incapable of taking care of himself and managing his property, by reason of which finding the court appointed Jefferson G. Wingert guardian of his person and estate.

A hearing was had upon the petition of a son of appellant, and the latter's answer thereto. The following facts appear from the petition: that the only property of appellant was a $2,500 interest in improved real estate and a $1,000 interest in a note secured by deed of trust, and that the annual income amounted to about $200. The real property is a six-room house in which appellant lives with his wife, two daughters, a granddaughter, Walter Arms, Jr., a son, and Avis Arms. On the day set for the hearing the petitioner and appellant appeared with their attorneys. An informal hearing was held, during which the attorneys stated to the

court that Mr. Wingert was a practicing attorney and would be a suitable guardian. The record shows that a stipulation for the appointment of a guardian was offered by the attorney for petitioner but that the attorney for appellant refused to enter into such stipulation. Appellant was then sworn as a witness and questioned by the court. From his testimony the following facts appeared: ·That he was pleased to meet the judge after having heard about him; that he was born in Athens County, Ohio, in 1856 and had lived in California 33 or 35 years; that he did not want to go to a hospital but wanted to "die with my boots on" and he didn't want a guardian; that Mr. Wingert had been his friend for 60 years; that his family wanted to put him out of the home; that he wanted to go to Portland to see a friend who was an expert chiropractor and have his neck straightened out after an operation which he had had; that he got the title "Captain" from Abraham Lincoln when his father took him, at the age of six, to see Lincoln, who held him on his knee; that he "snuck" across the bridge in Washington into the Rebel lines to sell ————, and that he would like to tell the judge one or two stories when the judge was through.

It is apparent from the record that the attorney who then represented appellant considered the appointment of a guardian to be in the interests of appellant, for after stating that he had no authority to stipulate to the appointment of a guardian he stated further, "But we are willing to stipulate as far as the law will permit us anyway." After the order was made, appellant changed attorneys and we are presented with an appeal.

No doubt the appearance and manner of appellant as a witness went a good way toward persuading the trial judge that the appointment of a guardian was advisable, and we do not underestimate the importance of that fact, but we do not feel we should go so far as to hold in this case that the observations of the judge, taken with the meager testimony, constituted evidence warranting the appointment of a guardian. Appellant was not shown to be unable to take care of himself and his property and likely to be deceived or imposed upon. The evidence showed at most that he is a somewhat querulous and reminiscent old gentleman. For the court's own protection against the possible charge that appellant was not accorded a fair hearing, as well as in the

interests of the parties involved, the facts of the case should have been gone into more fully, as they no doubt would have been had the attorney who first represented appellant shown a disposition to join with him in opposing the motion. The order must be reversed because of insufficiency of evidence, but the reversal will carry no implication that a further hearing may not call for a new order of appointment.

The order is reversed, without costs on appeal.

Desmond, P. J., and Wood (Parker), J., concurred.